**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Austin Whirl, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-cv-307 |
| v. | ) | |
| | ) | Judge April M. Perry |
| City of Harvey, Richard De Leon, | ) | |
| and Arthur Muhammad, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The claims in this case arise out of the alleged wrongful arrest, detention, and prosecution of Austin Whirl ("Plaintiff") for a crime that Plaintiff maintains he did not commit. Defendants are Harvey Police Department Detectives Richard De Leon ("De Leon") and Arthur Muhammad ("Muhammad"), and the City of Harvey. Plaintiff advances two counts in his complaint. Count I is brought against De Leon and Muhammad under 42 U.S.C. § 1983 and alleges unreasonable pretrial detention and malicious prosecution in violation of the Fourth Amendment. Count II advances a malicious prosecution claim against all Defendants in violation of Illinois law. Defendants now move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion to dismiss is denied.

## BACKGROUND

The following facts are drawn from the allegations in Plaintiff's complaint, which for the purposes of this motion the Court accepts as true, drawing all reasonable inferences in Plaintiff's favor. *See Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007).

1

On April 15, 2022, Donald Haywood was shot in Harvey, Illinois, and Detectives De Leon and Muhammad were assigned to investigate. Doc. 1 ¶¶ 11, 33. According to the complaint, De Leon and Muhammad were unaware of any physical evidence, such as DNA or fingerprints, linking Plaintiff to Haywood's shooting. *Id.* ¶ 16. Further according to the complaint, De Leon and Muhammad "did not possess any reliable witness testimony identifying Plaintiff" as the shooter. *Id.* ¶¶ 17, 37. Despite this, on April 20, De Leon and Muhammad arrested Plaintiff for Haywood's shooting. *Id.* ¶¶ 7–9. De Leon subsequently signed the felony complaints against Plaintiff, allegedly with Muhammad's assistance. *Id.* ¶¶ 12–14. On May 19, DeLeon testified before the grand jury as its only witness. Doc. 14 at 15. Plaintiff was thereafter indicted for attempted first-degree murder. *Id.*

As a result of the criminal proceedings against him, Plaintiff was subject to restrictions on his liberty including pretrial detention and house arrest from April 20, 2022, until August 1, 2024, when all criminal charges against Plaintiff were dismissed due to a lack of evidence. Doc. 1 ¶¶ 20, 29. Plaintiff alleges that he did not shoot Haywood and that the police did not have probable cause to charge him with the crime. *Id.* ¶¶ 15, 18.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. FED. R. CIV. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Put

2

differently, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. On a motion to dismiss for failure to state a claim, the court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).

In addition to the allegations set forth in the complaint, courts may take judicial notice of matters of public record. *Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000). This includes relevant court decisions, including "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue." *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) (internal citations omitted).

## ANALYSIS

### A. Count I: Section 1983 Claims

"Section 1983 allows citizens whose constitutional rights have been violated by public officials to sue those officials in their individual capacities." *See Fleming v. Livingston Cnty.*, 674 F.3d 874, 878 (7th Cir. 2012). To state a claim under Section 1983, a plaintiff must allege sufficient facts for the Court to infer (1) conduct that deprived him of a right, privilege, or immunity secured by the Constitution or federal law, and (2) that the defendant was acting under color of state law when committing the alleged conduct. *Armato v. Grounds*, 766 F.3d 713, 719–20 (7th Cir. 2014). Plaintiff argues these requirements are met by his allegations that while acting as detectives for the Harvey Police Department, De Leon and Muhammad unlawfully detained and maliciously prosecuted him.

The Court begins with Plaintiff's unlawful detention claim. The Fourth Amendment is violated when police detain someone in the absence of probable cause or when the purported probable cause is "predicated solely on a police officer's false statements." *See Manuel v. City of*

3

*Joliet*, 580 U.S. 357, 367 (2017). The presence of probable cause is thus an "absolute defense" to an unlawful detention claim. *See Lee v. Harris*, 127 F.4th 666, 672 (7th Cir. 2025). Probable cause is a fact-intensive inquiry that asks whether a reasonable person standing in the shoes of the arresting officers could conclude, based on the information known to the officers at the time, that the suspect had committed the offense. *See Esco v. City of Chicago*, 107 F.4th 673, 676–77 (7th Cir. 2024). Generally, probable cause is a jury question, but courts may decide the issue when the presence of probable cause is apparent and "there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Neiman v. Keane*, 232 F.3d 577, 580 (7th Cir. 2000) (internal citation omitted).

Here, Defendants argue that the complaint demonstrates probable cause for Plaintiff's arrest, despite its allegations that there was no physical evidence or a reliable witness against Plaintiff. Specifically, Defendants argue that the allegation that the officers did not have "any reliable witness testimony identifying Plaintiff," Doc. 1 ¶ 17, should be read to mean that there was *a* witness. Defendants further argue that though Plaintiff alleges that witness was unreliable, Plaintiff had an obligation to plead facts regarding how the witness was unreliable. Defendants go on to argue that identification from a single, credible victim or eyewitness is sufficient to establish probable cause, and so probable cause is conclusively established here.

Defendants' argument is entirely inconsistent with the Court's obligation to draw all reasonable inferences from the facts alleged in the complaint in Plaintiff's favor. Employing that standard, the Court cannot infer from the complaint that a witness provided information on which De Leon and Muhammad relied when arresting Plaintiff.[1] Even if the Court could do so, Plaintiff

---

[1] Defendants' argument is a logical fallacy. One does not admit they own a dog by denying that they own a big dog, nor do we assume that someone who does not have a felony conviction must have a conviction for a lesser offense. So too, "lack of any reliable witness" is not the logical equivalent of "a witness."

4

has explicitly alleged that any such information was unreliable, which the Court must, on a motion to dismiss, accept as true. And at this stage of the proceedings, Plaintiff need not provide the specific facts which support the unreliability of any witness information. *See Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923 (7th Cir. 2007) ("Civil Rule 8 calls for a short and plain statement; the plaintiff pleads claims, not facts or legal theories.").

Defendants also argue that Plaintiff's grand jury indictment is prima facie evidence of probable cause.[2] The grand jury indictment, however, did not issue until nearly one month after Plaintiff was arrested, during which time Plaintiff was subjected to "pretrial detention, house arrest, and/or other restrictions on his liberty." Doc. 1 ¶ 29. The indictment does not bear on whether Plaintiff's detention during the preceding twenty-nine days was supported by probable cause. *See Esco v. City of Chicago*, 107 F.4th 673, 676–77 (7th Cir. 2024) (reiterating that determination of probable cause depends on information at the time of the seizure). Moreover, a grand jury indictment obtained through improper means does not extinguish an unlawful detention claim. *Manuel v. City of Joliet*, 580 U.S. 357, 369 n.8 (2017). Here, Plaintiff has alleged sufficient facts to suggest that the grand jury indictment, based solely upon De Leon's testimony, was obtained through improper means. By Plaintiff's allegations, De Leon at no time had probable cause to believe that Plaintiff shot Haywood. It is a reasonable inference from this that De Leon must have made misleading statements or given an incomplete account of the facts to the grand jury to obtain the indictment. The indictment, therefore, does not extinguish Plaintiff's unlawful detention claim and the Court concludes Plaintiff has plausibly alleged unlawful pretrial detention.

_____

[2] The Court take judicial notice of the True Bill of Indictment attached to Defendants' motion to dismiss as it is a public record and its authenticity has not been challenged. *See* Doc. 14 at 15–23.

Count I also alleges malicious prosecution. A Fourth Amendment claim for malicious prosecution consists of (1) a judicial proceeding initiated without probable cause; (2) a malicious motive for the proceeding; and (3) a prosecution ending in the plaintiff's favor. *Thompson v. Clark*, 596 U.S. 36, 44 (2022). Again, Defendants' argument for dismissal requires the complaint to be read in a way to establish that probable cause supported Plaintiff's arrest and prosecution. As is explained above, the Court is not persuaded. Plaintiff's Section 1983 malicious prosecution claim may proceed.

Finally, for the same reasons already explained, Defendants are not entitled to qualified immunity at this time. In the Fourth Amendment context, an officer can prevail on a qualified immunity defense if there was at least "arguable probable cause" such that "a reasonable officer could have mistakenly believed that probable cause existed." *Burritt v. Ditlefsen*, 807 F.3d 239, 250 (7th Cir. 2015) (internal citation omitted). But on the face of this complaint, there was no evidence to support probable cause – arguable or otherwise. Whether the allegations will ultimately be proven true are questions for another day. At this stage, De Leon and Muhammad are not immune from suit.

**B. Count II: State Law Malicious Prosecution**

Count II alleges malicious prosecution in violation of Illinois law against Defendants De Leon and Muhammad, and against the City of Harvey under the doctrine of *respondeat superior*. The elements of an Illinois malicious prosecution claim are: "(1) commencement or continuation of an original proceeding; (2) termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause; (4) malice; and (5) damages." *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016).

For all of the same reasons that Plaintiff's federal malicious prosecution claim survives, so too does his state law malicious prosecution claim. Plaintiff has adequately pled that probable cause was lacking at the time he was arrested and charged. Plaintiff has also adequately pled that De Leon and Muhammad were responsible for commencing the prosecution against him, given that they are alleged to have been solely responsible for the investigation, criminal complaints, and grand jury testimony. *Beaman v. Freesmeyer*, 183 N.E.3d 767, 782–83 (Ill. 2021) (finding that police officers may proximately cause the commencement or continuation of criminal proceedings when they play a "significant role in causing" the plaintiff's prosecution such as by conducting "a bad-faith and incomplete investigation [] designed to implicate a particular individual regardless of the evidence"). Moreover, malice can be inferred from the lack of probable cause. *Rodgers v. Peoples Gas, Light & Coke Co.*, 733 N.E.2d 835, 842 (Ill. App. Ct. 2000). The Court therefore declines to dismiss Plaintiff's state-law malicious prosecution claim.

Finally, the motion to dismiss against the City of Harvey is also denied. Under the doctrine of *respondeat superior*, an employer can be liable for the torts of its employees when those torts are committed within the scope of employment. *Wright v. City of Danville*, 675 N.E.2d 110, 118 (Ill. 1996). Because the malicious prosecution claim against De Leon and Muhammad proceeds and they were alleged to have been acting in the scope of their employment for the City of Harvey, Plaintiff may proceed against the City of Harvey as well.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied.

Dated: July 2, 2025

APRIL M. PERRY
United States District Judge